(35 Misc. Rep. 109.)

COBB v. JOHNSON.

(Supreme Court, Special Term, Onondaga County. May, 1901.)

CONTRACT WITH BUILDING ASSOCIATION—CONSIDERATION.
    A building association agreed with the maker of a note held by it, and secured by shares not fully paid, to cancel the note and release him from liability, by charging the note up against the amount payable on his stock filed for withdrawal. At the time the agreement was made, the association had no money to pay the withdrawal value, and there were many similar applications which had been filed before the one in controversy. *Held*, that the agreement, being without consideration, was no defense to an action on the note by an assignee in insolvency of the association.

Action by Dorr Raymond Cobb, assignee of the Central City Building & Loan Association, against Charles R. Johnson. Judgment for plaintiff.

E. N. Wilson, for plaintiff.
Hiscock, Doheny, Williams & Cowie, for defendant.

HISCOCK, J.  Defendant gave to the plaintiff's assignor, April 9, 1896, his note for $300.  Prior to that time he had become the owner of 10 shares of the installment stock of said association, of the par value of $100 each, upon the purchase price of which he had paid $100, and at said date he pledged said stock with said association as collateral for the payment of that note.  He has paid upon the note the interest and premium to July 9, 1897, and, in addition to that, $80.99 of the principal.  The only defense urged to the action upon the note is that by certain correspondence had between him and the association, through its secretary, in the latter part of 1897, said note was paid and canceled under and by virtue of an arrangement and agreement by which it was to be charged up against the amount to be paid to him upon his stock, which had been filed with the association for withdrawal.  At that time there were between 150 and 160 other applications for withdrawal of stock filed with the association, which were entitled to consideration and payment before his; and, as a matter of fact, at the time of said alleged agreement of payment and cancellation there were not any funds on hand with the association for the payment of the withdrawal value of his stock, and there never were afterwards.  Construing the correspondence under which defendant seeks to establish a payment and cancellation of his note in the light of all these circumstances, I think the defense must fail.  The last letter written by the secretary of the association to defendant, and upon which he especially bases his defense, was, in effect, that the association would not charge him anything upon his note after September 1st of that year, but would charge it up against the withdrawal value to be paid upon his stock, and would relieve him from any personal liability.  As stated, and as it must be assumed was known by the officers of said association when they made said purported arrangement, there were no funds on hand applicable to the payment of the withdrawal valuation of his stock, and there never were afterwards.  The purported agreement therefore amounted to a promise and agreement upon the part of the association, in effect, to cancel defendant's note, and relieve him from personal liability, without any payment or consideration whatever, and there was no consideration for the agreement relieving him from personal liability.  The agreement, if it were enforceable, would be a clear fraud upon the rights of the other stockholders and creditors of the association.  Under the rules and regulations governing the organization and conduct of the association, it was clearly provided and understood that withdrawals were to be disposed of and paid in the order in which they were filed.  If the agreement can be enforced as claimed by defendant, it would amount to giving him a clear preference in point of time, as well as otherwise, over 150 other stockholders who had filed prior claims for withdrawal.  Judgment is ordered for plaintiff, with costs.

Judgment for plaintiff, with costs.