COGGESHALL et al. v. McGRATH..

(Supreme Court, Trial Term, Kings County.   April; 1903.)

1. BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—BORROWING MEMBER—
WITHDRAWAL—EFFECT.

A borrowing member of an insolvent building and loan association, by
giving notice of withdrawal, does not ipso facto become a creditor of the
association for the value of his shares or the excess thereof over his in-
indebtedness to the association, so as to exempt his shares from their pro-
portionate share of the general liabilities of the company.

Action by Henry J. Coggeshall and others against Francis Mc-
Grath.   Judgment for plaintiff.

Trial before the court without a jury of an action by the plaintiffs as re-
ceivers of the Mutual Benefit Loan and Building Company (appointed to liqui-
date the company for insolvency) against the defendant on a promissory note
for $400 made by the defendant to the said company.

The answer pleads as a defense and counterclaim that the defendant being
a member of the said company owning 15 shares became a borrowing member,
and borrowed from the company $400, for which he gave his said note; that
a by-law permitted borrowing members to withdraw from the company, apply-
ing the withdrawal value of their shares to the payment of their debts to the
company; that the defendant gave the required notice of withdrawal, the
withdrawal value of his shares at the time being $335 in excess of his said
indebtedness of $400.

Afterwards, and before the defendant's withdrawal was acted upon and
carried out (as appeared by the evidence), the action in which the plaintiffs
were appointed receivers was brought by the state to liquidate and dissolve the
company for insolvency, and the company was then insolvent, and had been,
as found by the judgment of dissolution, at least since May 1, 1900, which was
four months before the defendant's notice of withdrawal.

Edward C. Rice, for plaintiffs.
Charles H. Hyde, for defendant.

GAYNOR, J.   The defendant did not become ipso facto, by his
notice of withdrawal, a creditor of the company for the withdrawal
value of his shares (or, as the case would be here, for the excess there-
of over his indebtedness to the company on his note), so as to exempt
his shares from their proportionate share of the general debts of the
company.   Vinton v. Building & Loan Ass'n (Ky.) 66 S. W. 510;
Cobb v. Johnson, 35 Misc. Rep. 109, 71 N. Y. Supp. 218.

Judgment for the plaintiff.